No. 31,808

ARTHUR D. HESS, *Appellee*, v. MRS. C. A. DUNCAN (DUNNAWAY), *Appellant*.

(37 P. 2d 14)

Opinion filed November 3, 1934.

*J. B. Wilson*, of Lawrence, and *A. C. Wilson*, of Oskaloosa, for the appellant. *Willard B. Rogers* and *Myrl Becker*, both of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a tenant against his landlord for consequences of breach of the landlord's duty to deliver possession of the leased premises. Plaintiff prevailed, and defendant appeals.

Defendant resided in Lawrence, and owned a farm in the neighborhood of Williamstown. Plaintiff was a tenant farmer who lived at Elmont. His attention was called to defendant's farm the last of November, 1932. On December 1 plaintiff inspected the farm with a view of leasing it, and on that day a lease was executed at Lawrence, the material portions of which read as follows:

"This lease, made this 1st day of December, 1932, by Mrs. C. A. Duncan to Arthur D. Hess of Elmont, Kan.

"Witnesseth, that the said party of the first part, in consideration of the rents, covenants and agreements of the said party of the second part, hereinafter set forth, does by these presents, grant, lease and rent to the said party of the second part, the following described property, situated in the county of Jefferson and state of Kansas: [Description.] To have and to hold the same, unto the said party of the second part, from the 1st day of March, 1933, to the 1st day of March, 1934.

"And the said party of the second part, in consideration of the leasing the premises, as above set forth, covenants and agrees with the said party of the first part, to pay the said party of the first part, her heirs or assigns, as rent

for the same, the cash rent or sum of three hundred and no/100 dollars ($300) in payments as follows, to wit: Fifty dollars ($50) cash in hand paid, the receipt of which is hereby acknowledged; one hundred fifty dollars ($150) cash on February 1, 1933, at which time party of the second part gets possession of the place, and one hundred dollars ($100) cash on October 1, 1933."

Plaintiff commenced to move to the farm on January 20, 1933. At that time Archie Johnson was living there. A former tenant had vacated, and defendant had employed Johnson as a sort of caretaker. Plaintiff continued to move live stock, farming implements and other property to the farm, and on February 3 moved his chickens. When the chickens arrived the chicken house was occupied by chickens belonging to Johnson and the defendant. Plaintiff put his chickens in the barn. About five days later the chickens showed symptoms of roup. About February 10 four or five chickens died. Chickens continued to die until plaintiff had lost 306 hens and 9 roosters.

Plaintiff sued for the value of the chickens which died, as special damages for failure to obtain possession of the chicken house on February 3. The court instructed the jury that by the terms of the lease plaintiff was entitled to possession of the leased premises on February 1, 1933, and if, on account of failure to obtain possession of the chicken house, plaintiff suffered the special damages pleaded, he was entitled to recover.

The term of the tenancy was so clearly defined there can be no mistake about it—"from the 1st day of March, 1933, to the 1st day of March, 1934." Cash rent in a gross sum, $300, was to be paid for the leasing "as above set forth," that is, from March 1, 1933, to March 1, 1934.

In providing for payment of rent in three installments, one installment was made payable February 1, 1933. The provision was followed by the words, "at which time party of the second part [plaintiff] gets possession of the place." This could not be as tenant of the premises. Plaintiff paid nothing for this "possession." He paid for the term beginning March 1. The relation of landlord and tenant did not begin until March 1, and the essentially parenthetical provision relating to possession February 1 could not overthrow all that preceded it and convert the tenancy into one for thirteen months, instead of twelve.

Of course, the provision relating to possession February 1 was not meaningless. What it meant was that plaintiff might then move

on the place, as he in fact commenced to do on January 20. He was given gratuitous privilege to occupy until the term began. He would not be a trespasser if he did so. But obligation of the landlord to deliver possession to plaintiff as tenant, under the law of landlord and tenant, did not arise until the term commenced on March 1.

Interpreted as indicated, the lease is not ambiguous, much less self-contradictory, and effect is given to all its terms.

The case originated in a justice of the peace court. The bill of particulars set out the lease, and stated the facts upon which the plaintiff relied for recovery. When the case came on for trial in the district court, defendant moved for judgment on the pleadings and opening statement of counsel for plaintiff, and objected to the introduction of evidence by plaintiff, on the ground no cause of action against defendant was stated. The motion and objection should have been sustained.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the defendant.